Sean Reis (SBN 184044)
Edelson McGuire, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
949-459-2124 (phone)
949-459-2123 (fax)
sreis@edelson.com

*Attorneys for Plaintiff,*
DAVID RODRIGUEZ

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| DAVID RODRIGUEZ, individually and on behalf of all others similarly situated, | Case No.: 11-CV-4084-PJH |
| Plaintiff, | [Honorable Phyllis Hamilton] |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| SONY COMPUTER ENTERTAINMENT AMERICA LLC, a Delaware limited liability company, SONY NETWORK ENTERTAINMENT INTERNATIONAL, LLC, a Delaware limited liability company, and JOHN DOE DEFENDANTS 1-10, | Hearing Date: April 18, 2012 Hearing Time: 9:00 A.M. Courtroom: 3 |
| Defendants. | |

1    **I.      INTRODUCTION**

2           This Court should deny, in part, the Defendants' Request for Judicial Notice in Support of

3    Their Motion To Dismiss First Amended Class Action Complaint Or, In The Alternative, For A

4    More Definite Statement. Defendants request that the Court take judicial notice of four

5    documents: (1) Exhibit A, which Defendants contend is the PlayStation®Network ("PSN") Terms

6    of Service and User Agreement ("Terms of Service" or "TOS") as it existed in February 2008 and

7    dated October 30, 2007; (2) Exhibit B, which Defendants contend is the PSN Privacy Policy as it

8    existed in February 2008 and dated July 10, 2007; (3) Exhibit C, the Sony Network Entertainment

9    International ("SNEI") Privacy Policy as it exists today,[1] which the First Amended Complaint (the

10   "FAC") references and quotes; and (4) Exhibit D, the Sony Computer Entertainment America

11   ("SCEA") Privacy Policy as it exists today, which the FAC references and quotes. (Def. Request

12   for Judicial Notice (cited herein as the "Def. Req.") (unless otherwise noted, all referenced

13   exhibits are attached to the Declaration of Jennifer Liu (Dkt. No. 37).)

14          This Court should deny Defendants' Request as it relates to the 2007 PSN Terms of

15   Service and Privacy Policy (i.e., Exhibits A and B) for three reasons. First, neither document is

16   attached to or explicitly referenced by the FAC. Second, Plaintiff contests the authenticity of those

17   documents as they cannot be independently verified by Plaintiff or the Court. Third, the FAC does

18   not "necessarily rely" on those documents.

19          Ultimately, Defendants' attempt to introduce factual matter in support of its Motion to

20   Dismiss under Rule 12(b)(6) is improper, unless the Motion is converted into one for Rule 56

21   summary judgment, in which case Plaintiff should be afforded an opportunity to collect affidavits

22   or obtain other discovery necessary to oppose the motion. *See* Fed. R. Civ. P. 56(d). As such,

23   Defendants' request for judicial notice of Exhibits A and B attached to the Declaration of Jennifer

24   Liu (cited herein as the "Liu Decl.") should be denied or, in the alternative, Defendants' Motion to

25   Dismiss should be so converted and Plaintiff given an opportunity to conduct discovery necessary

26   _____

27   [1]      For reasons not specified in their Request, Defendants refer to SNEI's Privacy Policy as
     the "PSN Privacy Policy." (Def. Req. at 1, 3.) Although it claims the "PSN Privacy Policy . . . [is]
     sometimes referred to as the 'SNEI Privacy Policy' . . ." (*id.* at 3), the FAC *only* refers to the
28   document as the "SNEI Privacy Policy," (FAC 9, n. 5).

1  to adequately respond to the motion.

2  **II.     ARGUMENT**

3       **A.     Applicable legal standard.**

4       It is well-settled that, ordinarily, "a court may look only at the face of the complaint and

5  documents attached to or referenced in the complaint to decide a motion to dismiss." *Ismart Int'l*

6  *Ltd. v. I-Docsecure, LLC*, No. C-04-03114 RMW, 2005 WL 588607, at *6 (N.D. Cal. Feb. 14,

7  2005) (citing *Van Buskirk v. Cable News Network, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002)). Where

8  a defendant submits materials outside of the pleadings in support of a motion to dismiss under

9  Rule 12(b)(6), the motion "must be treated as a motion for summary judgment under Federal Rule

10  of Civil Procedure 56." *Id.* (citing *Anderson v. Angelone,* 86 F.3d 932, 934 (9th Cir.1996).

11       In certain cases, a court may consider documents not physically attached to or explicitly

12  referenced by the pleadings in deciding a motion to dismiss, but only where (1) the documents'

13  "authenticity . . . is not contested" and (2) "the plaintiff's complaint *necessarily relies*" on them.

14  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (emphasis added, internal quotations

15  omitted) (quoting *Parrino v. FHP, Inc.,* 146 F.3d 699, 705–06 (9th Cir. 1998)). This narrow

16  exception recognizes that a plaintiff is "entitle[d] to notice of any documents offered against [him]

17  prior to discovery, [which is] a principle that underlies the general rule that extrinsic evidence may

18  not be considered on a motion to dismiss." *Hotel Employees & Rest. Employees Local 2 v. Vista*

19  *Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 980 (N.D. Cal. 2005) (citing *Parrino*, 146 F.3d at 706). Thus,

20  the exception only applies where a plaintiff had notice of and bases his claims upon a document,

21  but seeks to "escape its admission on a motion to dismiss" by not attaching or otherwise

22  referencing it in his pleadings. *Id.* at n. 4 (citing *In re Burlington Coat Factory Securities*

23  *Litigation,* 114 F.3d 1410, 1426 (3rd Cir.1997)).

24       **B.     The FAC references neither the PSN Privacy Policy nor the PSN Terms of
         Service from 2007.**

25       Plaintiff's FAC neither attaches nor explicitly references either the PSN Privacy Policy or

26  the PSN Terms of Service from 2007. In total, the FAC references and provides hyperlinks to two

27  external documents that are currently and publically available: (1) SNEI's Privacy Policy available

28

1   online as of December 20, 2011 (FAC at 9, n. 5), and (2) SCEA's Privacy Policy available online

2   as of December 21, 2011 (FAC at 13, n. 5). The FAC references no other documents and has no

3   attached exhibits. Importantly, *neither* document referenced by the FAC corresponds with the PSN

4   documents from 2007 submitted in support of Defendants' Motion.

5           While Defendants admit that the FAC "does not explicitly reference PSN's [Terms of

6   Service]," they contend that the FAC does "reference[] and quote[] from" the PSN Privacy Policy.

7   (Def. Req. at 3.) This is false. At the outset, and through their Request for Judicial Notice,

8   Defendants equate the "PSN Privacy Policy" with the "SNEI Privacy Policy," stating that the

9   former is "sometimes referred to as the 'SNEI Privacy Policy.'" (Def. Req. at 3.) But Plaintiff's

10  FAC expressly references *only* the current SNEI Privacy Policy—and never alternatively refers to

11  that document as the "PSN Privacy Policy." (*See* FAC at 9, n. 5.) Indeed, Defendants' equation of

12  the two makes no sense in light of the allegations of the FAC, which assert that SCEA—not

13  SNEI—controlled the PSN at the time Plaintiff joined the network in February 2008. (*Id.* at ¶ 48.)

14  Accordingly, equating the "SNEI Privacy Policy" with the "PSN Privacy Policy" purportedly in

15  effect at the time Plaintiff joined the PSN (at which time the network was operated by *SCEA*)

16  plainly conflicts with the face of the pleadings. Further, the version of the SNEI Privacy Policy

17  referenced by the FAC was effective as of December 20, 2011[2] (*see id.* at 9, n. 5), which in no

18  way corresponds with the PSN Privacy Policy purportedly effective over three years earlier in

19  February 2008, when SCEA managed the PSN (*see* Def. Req. at 3 ("Sony has also attached the

20  PSN Privacy Policy as it existed in February 2008.")).

21          Accordingly, Defendants' contention that the Court should take judicial notice of the PSN

22  Privacy Policy because the FAC "references and quotes" the document is based upon a

23  mischaracterization of the pleadings. It should therefore be rejected.

24          **C.      Plaintiff contests the authenticity of the attached PSN Privacy Policy and PSN**
            **Terms of Service from 2007, because neither document is "publically**
25          **available" or otherwise independently verifiable.**

26          Plaintiff contests the authenticity of the attached PSN Privacy Policy and Terms of Service

27  _____

28  [2]       Defendants' contend this is the "current" SNEI Privacy Policy. (Def. Req. at 1.)

1   from 2007. The entirety of Defendants' factual contentions surrounding those documents are

2   based upon the public availability of documents and supposed PSN sign-up process as they

3   purportedly existed *over three years ago*. As such, there is simply no way for Plaintiff or the Court

4   to accept or otherwise test the veracity of Defendants' factual contentions without the benefit of

5   discovery and a developed factual record. The authenticity of the documents, along with their

6   supposed use in the PSN sign-up process, is accordingly at-issue.

7       First, Defendants make much of the fact that both documents "*were* publically available on

8   SCEA's website." (Def. Req. at 5 (emphasis added).) But the purported *past availability* of

9   documents on SCEA's website does not mean those documents are *now* subject to judicial notice.

10   Indeed, every case cited in support of Defendants' claim that the relevant "materials [are]

11   judicially noticeable because all *were* publically available on Sony's website" (Def. Req. at 5

12   (emphasis added)), addresses the *present* availability of documents, which, in some cases, makes

13   them more "easily verifiable" by the court. *See Datel Holdings Ltd. v. Microsoft Corp.*, 712

14   F.Supp. 2d 974, 983 (N.D. Cal. 2010) (addressing documents that "*are* available online")

15   (emphasis added); *Ross v. O'Neal*, No. 2:11-cv-06124-JHN-Ex, 2011 WL 5041967, at *1 (C.D.

16   Cal. Oct. 17, 2011) (basketball statistics then-obtainable from "the official website of the NBA"

17   were "capable of accurate and ready determination by resort to sources whose accuracy cannot be

18   reasonably questioned); *Coremetrics, Inc. v. Atomic Park.com, LLC*, 370 F.Supp. 2d 1013, 1021

19   (N.D. Cal. 2005) (taking judicial notice of defendant's then-current website).

20       In this case, Defendants' assurances that documents from 2008 were, at one time,

21   "publically available" on SCEA's website simply have no bearing on this Court's (or Plaintiff's)

22   ability to verify the authenticity of those documents. Moreover, in similar contexts courts have

23   specifically observed that a party's reliance on its "own website in support of its motion to

24   dismiss," including specific reliance on a "terms of service" webpage, is "generally imprudent,"

25   because a "party's website is self-serving and there is no assurance that the content is authentic."

26   *Curran v. Amazon.com, Inc.*, CIV.A. 2:07-0354, 2008 WL 472433, at *14 (S.D.W. Va. Feb. 19,

27   2008) (stating that such reliance is "akin to relying on their own memoranda") (citing *St. Clair v.*

28

*Johnny's Oyster & Shrimp, Inc.*, 76 F.Supp. 2d 773, 74-75 (S.D. Tex. 1999)). Thus, the purported past availability of the 2007 PSN Privacy Policy and Terms of Service – documents that are not currently available to the public – cuts sharply against Defendants' Request.

Second, Plaintiff does not recall the exact details of whether, when, or how he was presented with the PSN Privacy Policy or Terms of Service at the time he signed up for the PSN in 2008 – over three years ago.[3] Such concerns were recognized in *Cohen v. Facebook, Inc.*, where Facebook moved to dismiss the plaintiffs' allegations that "their names and profile pictures were used without consent in Facebook's promotions for [its] Friend Finder service." 798 F. Supp. 2d 1090, 1094 (N.D. Cal. 2011). There, Facebook attached several "Terms documents" (including a "Statement of Rights and Responsibilities," "Principles," and its "Privacy Policy") to its motion to dismiss, arguing that the court should consider them in conjunction with its motion. *Id.* In reasoning that "[i]t is far from clear that it would be proper to rely on the Terms documents to dismiss plaintiffs' claims at this juncture," the court observed that:

> Even assuming it is permissible to take judicial notice of the contents of websites under some circumstances and for some purposes, substantial questions would remain in this instance as to when various versions of the documents may have appeared on the website and the extent to which they necessarily bound all plaintiffs.

*Id.* These same concerns apply here. Without the benefit of fact discovery, Plaintiff has no way of independently knowing when the disputed documents may have appeared on Sony's website (if they appeared at all) or the circumstances surrounding his PSN sign-up process, including whether and the extent to which those documents were presented to or otherwise bound him. While he can't recall the exact details, Plaintiff disputes that "he had to agree to PSN's [2007 Terms of Service] and Privacy Policy," as Defendants contend. (*See* Def. Req. at 4.)

Third, Plaintiff has not admitted that he agreed to be bound by the 2007 PSN Privacy Policy or Terms of Service. Through their Motion, Defendants impliedly claim such an admission

---

[3] Although the Liu Declaration claims that the PSN Terms of Service and Privacy Policy "were presented in full to anyone who signed up for PSN in February 2008, and access to PSN was not permitted unless [the terms] were accepted" (Liu Decl. ¶¶ 3-4), Plaintiff does not recall the sign-up process in detail and cannot verify the declarations, test the manner in which the terms "were presented in full," or know how a prospective PSN user purportedly accepted those terms without the benefit of discovery.

1   occurred because, first, "SCEA's first Motion to Dismiss noted that, as a registered member,

2   Plaintiff necessarily accepted the terms of the [PSN] TOS and Privacy Policy" (Def. Mot. at 12, n.

3   8 (citing Dkt. 21 at 9-10, 12:3-4; Dkt. 22, ¶¶ 3-4)), and, second, that "Plaintiff does not dispute

4   this" in the FAC, (Def. Mot at 12, n. 8 (citing FAC ¶¶ 68-69)). That implication is baseless.

5   Defendants cite no support for their notion that Plaintiff was under an obligation to affirmatively

6   *respond* to arguments raised in SCEA's first Motion to Dismiss through his amended pleadings.

7   No such obligation exists. Even more, the paragraphs of the FAC cited by Defendants have

8   nothing to do with whether Plaintiff agreed to be bound by the purported 2007 PSN Privacy Policy

9   or Terms of Service. (*See* FAC ¶68 (citing to SCEA's *current* Privacy Policy, which states SCEA

10  has nothing to do with the management or control of the PSN), *see also id.* ¶69 (discussing why

11  SCEA "should have destroyed Plaintiff's 'personally identifiable information'").)

12      As such, and without *any* means for Plaintiff or the Court to verify the 2007 PSN Privacy

13  Policy or Terms of Service attached in support of Defendants' Motion, Plaintiff contests the

14  authenticity of those documents and their purported use in the PSN registration process. This,

15  standing alone, is sufficient to deny the documents' consideration along with Defendants' Motion

16  to Dismiss. *See Parrino*, 146 F. 3d at 705-06 (court may consider documents not physically

17  attached to the pleadings only where no party questions their authenticity).

18      **D.    The FAC does not "necessarily rely" on the attached PSN Privacy Policy and
           PSN Terms of Service, and Plaintiff is, in any case, entitled to notice of
19         extraneous documents that Defendants seek to use against him.**

20      Finally, the FAC does not "necessarily rely" on either the PSN Privacy Policy or the PSN

21  Terms of Service from 2007, or otherwise base Plaintiff's claims on those documents. The so-

22  called "necessary reliance" exception applies in circumstances where a plaintiff "deliberately

23  omit[s] references to documents upon which [his] claims are based" in order to survive a Rule

24  12(b)(6) motion, and where neither party questions the authenticity of the omitted documents.

25  *Parrino*, 146 F.3d at 706 (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *Pension*

26  *Benefit Guaranty Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). But

27  Plaintiff's claims are not "based" on either the PSN Privacy Policy or the PSN Terms of Service

28

and, in any event and as discussed *supra*, Section I(C), Plaintiff contests the authenticity of those documents.

Plaintiff's claims are simply not analogous to circumstances where the necessary reliance exception may apply. In *Parrino*, for example, the plaintiff sued both his HMO plan administrator and the plan's primary health care provider, claiming that the defendants improperly denied coverage for "proton beam therapy"—a type of cancer treatment. 146 F.3d at 702. In moving to dismiss, the defendants attached the plaintiff's "Master Group Application" with his HMO plan administrator to their motion. *Id.* at 705. Neither party contested the authenticity of the Application. *Id.* at 706. As such, the Ninth Circuit correctly affirmed the district court's consideration of the Application because the plaintiff's claims were based upon his insurance coverage, and thus "rest[ed] on his membership in . . . and . . . terms of the [HMO plan]." *Id.* Accordingly, the Court held that "documents governing plan membership, coverage, and administration [– including the Application – were] essential to his complaint." *Id.* Stated plainly, because the plaintiff's claims were exclusively based upon the terms of his coverage—i.e., whether the proton beam therapy was in fact covered under those terms—his claims *necessarily relied* upon documents showing the scope of that specific coverage.

Here, in contrast, Plaintiff is not seeking to enforce the terms of his PSN membership or otherwise base his claims on the 2007 PSN Privacy Policy or Terms of Service. Indeed, Plaintiff's recovery under the VPPA *only* requires reference to the basic facts pled throughout the FAC concerning Defendants' alleged unlawful disclosure and retention of his purchase and rental history. As a consequence, whether or not Defendants believe they have *factual* information in their control supportive of their "consent" defense (*see* Def. Mot. at 12-15) or demonstrative of their own asserted purposes for retaining Plaintiff's purchase and rental history (*see id.* at 15-18) are issues for the discovery process and future motions that incorporate the facts gleaned therefrom. *See Gordon v. Impulse Marketing Group, Inc.*, 375 F. Supp. 2d 1040, 1046 (E.D. Wash. 2005) (rejecting defendant's claim – and associated request for judicial notice – that plaintiff "consented" to receiving certain emails as a "contested question of fact [that has] no

1    bearing on the legal sufficiency of the allegations under a Rule 12(b)(6) motion") (citing *Lee v.*

2    *City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). At this stage, the attached documents

3    cannot usurp the allegations of the FAC and, accordingly, should not be considered in conjunction

4    with the Defendants' instant Motion to Dismiss.

5    **III.    CONCLUSION**

6           For all the above reasons, Plaintiff respectfully requests that the Court deny Defendants'

7    request to take judicial notice of Exhibits A and B submitted in support of Defendants' instant

8    Motion to Dismiss.

9

10   Dated: March 19, 2012                          Respectfully submitted,

11                                                  **DANIEL RODRIGUEZ**, INDIVIDUALLY AND
                                                    ON BEHALF OF A CLASS OF SIMILARLY SITUATED
12                                                  INDIVIDUALS,

13

14                                                  By:  /s/ Ari J. Scharg

15

16                                                  EDELSON MCGUIRE LLP
                                                    30021 Tomas Street, Suite 300
17                                                  Rancho Santa Margarita, CA 92688
                                                    Tel: (949) 459-2124

18                                                  Jay Edelson*
19                                                  Rafey S. Balabanian*
                                                    Ari J. Scharg*
                                                    EDELSON MCGUIRE LLC
20                                                  350 North LaSalle Street, Suite 1300
                                                    Chicago, Illinois 60654
21                                                  Tel: (312) 589-6370
                                                    jedelson@edelson.com
22                                                  rbalabanian@edelson.com
                                                    ascharg@edelson.com
23
                                                    *Admitted *pro hac vice*
24

25

26

27

28

## CERTIFICATE OF SERVICE

    I, Ari J. Scharg, an attorney, certify that on March 19, 2012, I served the above and foregoing **_Plaintiff's Opposition to Defendants' Request for Judicial Notice_** by causing true and accurate copies of such papers to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 19th day of March, 2012.

/s/ Ari J. Scharg