UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL RODRIGUEZ,

    Plaintiff,

    v.

SONY COMPUTER ENTERTAINMENT AMERICA LLC, et al.,

    Defendants.
_____/

No. C 11-4084 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' motion to dismiss plaintiff's first amended class action complaint came on for hearing before this court on April 18, 2012. Plaintiff Daniel Rodriguez ("plaintiff") appeared through his counsel, Rafey Balabanian and Ari Scharg. Defendants Sony Computer Entertainment America LLC ("SCEA") and Sony Network Entertainment International LLC ("SNEI") (collectively "defendants") appeared through their counsel, Michael Rhodes and Ray Sardo. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendants' motion, for the reasons stated at the hearing, and summarized as follows:

    1.    To the extent plaintiff's claim under the Video Privacy Protection Act ("VPPA), see 18 U.S.C. § 2710, is premised on a claim for unlawful retention of plaintiff's personally identifiable information ("PII"), the VPPA precludes claims premised solely on a defendant's allegedly unauthorized "retention" of information. See, e.g., Sterk v. Redbox Automated Retail, LLC, 672 F.3d 535 (7th Cir. 2012)(holding that plaintiff may only sue for damages under the VPPA for unlawful "disclosure" of PII, not for the purportedly unlawful "retention" of PII). Thus, defendants' motion to dismiss plaintiff's "retention" claim under the VPPA is

GRANTED, and such a claim is DISMISSED, with prejudice.

2. Plaintiff's remaining claim for unlawful disclosure under the VPPA also fails to state a viable claim for relief. Plaintiff's claim is premised on two alleged disclosures: (a) an allegedly unauthorized disclosure made by SCEA to SNEI in connection with the transfer of certain SCEA's assets to SNEI; and (b) an allegedly unauthorized disclosure to DOE defendants that subsequently took place in connection with SNEI's use and/or disclosure of plaintiff's PII for marketing and advertising purposes. See FAC, ¶¶ 45-46, 63, 73-74. As to the former disclosure, however, the VPPA expressly permits video tape service "providers" to disclose a consumer's PII "if the disclosure is incident to the ordinary course of business of" the provider, with "ordinary course of business" further being defined as a "transfer of ownership." See 18 U.S.C. § 2710(a)(2); id. at § 2710(b)(2)(E). Thus, plaintiff's allegation that SCEA unlawfully disclosed plaintiff's PII to SNEI in connection with SCEA's transfer to SNEI, is not actionable and fails to state a claim under the VPPA.

As to the latter disclosure premised on the purportedly unlawful disclosure of plaintiff's PII to DOE defendants, plaintiff's allegations fail to state that a disclosure has affirmatively taken place, identify with particularity the person(s) or entity to whom such disclosure was made, or state that any such disclosure falls outside the scope of disclosures permitted under the VPPA. See FAC, ¶¶ 2, 12, 48, 71, 73. Accordingly, plaintiff has failed to adequately allege sufficient facts to state a claim for unlawful disclosure to DOEs under the VPPA.

For the foregoing reasons, defendants' motion to dismiss plaintiff's claim for unlawful disclosure under the VPPA is also GRANTED. The dismissal is with prejudice, to the extent premised on plaintiff's claim for unlawful disclosure incident to the transfer of ownership between SCEA and SNEI. The dismissal is with leave to amend as to plaintiff's claim for unlawful disclosure to DOE defendants, so that plaintiff may cure the specific deficiencies highlighted above.

3. Defendants' corresponding request for judicial notice is GRANTED, to the

extent defendants request that the court take judicial notice of the complete version of SNEI's Privacy Policy, as referenced specifically at paragraphs 45 and 48 of the FAC.  The request is DENIED, to the extent defendants seek judicial notice of versions of the Privacy Policy not specifically referenced in the FAC; or of the PSN Terms of Service and User Agreement, since this document is not referenced in the complaint.

      Plaintiff's amended complaint shall be due no later than May 16, 2012.  Defendants' response thereto shall be due no later than June 6, 2012.

**IT IS SO ORDERED.**

Dated: April 20, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge