United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL RODRIGUEZ,

    Plaintiff,

    v.

SONY COMPUTER ENTERTAINMENT AMERICA LLC, et al.,

    Defendants.
_____/

No. C 11-4084 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' motion to dismiss plaintiff's second amended class action complaint came on for hearing before this court on August 1, 2012. Plaintiff Daniel Rodriguez ("plaintiff") appeared through his counsel, Rafey Balabanian and Ari Scharg. Defendants Sony Computer Entertainment America LLC ("SCEA") and Sony Network Entertainment International LLC ("SNEI") (collectively, "defendants") appeared through their counsel, Michael Rhodes and Ray Sardo. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendants' motion as follows:

## BACKGROUND

    This case arises under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710(e), and is based on plaintiff's allegations that defendants unlawfully retained and disclosed plaintiff's personally identifiable information ("PII"), including movie and video game rental and purchase histories. The VPPA requires companies to keep such PII confidential, and further requires them to "destroy personally identifiable information as soon as practicable, but no later than one year after the date when the information no

1 longer became necessary for the purpose for which it was collected." Plaintiff alleges that
2 defendants "systematically and intentionally violate the VPPA by indefinitely storing and
3 maintaining" the customers' PII beyond the time period set out in the statute, and further
4 alleges that defendants unlawfully disclose the customers' PII without permission.

Plaintiff Rodriguez signed up for the PlayStation Network ("PSN") service in or about February 2008. At the time, PSN was managed by SCEA. Rodriguez rented and purchased several movies between 2009 and 2011. Plaintiff claims that SCEA disclosed his rental and purchase histories to SNEI and SNEA[1] without his consent, in violation of the VPPA. Plaintiff also alleges that, since September 2011, SNEI (who took over PSN management from SCEA) continues to disclose customers' PII to SCEA without consent.

Plaintiff first filed suit on August 18, 2011, asserting a single cause of action under the VPPA. Defendants moved to dismiss the complaint on November 30, 2011. But before the motion was heard, plaintiff filed his first amended complaint on December 21, 2011, again asserting a single cause of action under the VPPA. On February 3, 2012, defendants moved to dismiss the first amended complaint, and that motion was heard by this court on April 18, 2012. At the hearing, plaintiff explained that his cause of action consisted of separate prongs for "retention" and "disclosure" of PII. Defendants noted that the Sixth and Seventh Circuits had both issued opinions relating to the scope of the VPPA, and that both had found that there is no private right of action with respect to the retention claim. See Sterk v. Redbox Automated Retail, LLC, 672 F.3d 535 (7th Cir. 2012); Daniel v. Cantrell, 375 F.3d 377 (6th Cir. 2004). The court adopted the reasoning of those courts, and dismissed plaintiff's "retention" claims with prejudice. With respect to the disclosure claim, defendants argued that the allegedly improper disclosures actually fell within a VPPA carve-out, which allows disclosures made in the ordinary course of business, including transfer of ownership. The court agreed, and on this basis, dismissed plaintiff's claims with

---

[1] "SNEA" refers to Sony Network Entertainment America, Inc., which was merged into SNEI on September 30, 2011.

2

respect to intra-Sony disclosures with prejudice, and granted leave to amend only as to any possible disclosure to non-Sony entities. In the first amended complaint, plaintiff did not specifically allege that any such outside disclosures had been made. Instead, his allegations were based only on the fact that defendants reserved the right to make such disclosures in their privacy policy.

On May 16, 2012, plaintiff filed his second amended complaint ("SAC"), which is the subject of this motion. While plaintiff's allegations still relate to the same PII-related actions taken by Sony, the complaint is now split into three causes of action. First, plaintiff re-asserts a "retention" claim under the VPPA. Second, plaintiff asserts a "disclosure" claim under the VPPA, based on SCEA and SNEI's disclosures to each other, and to SNEA. Plaintiff does not allege that any disclosures were made to non-Sony entities. Third, plaintiff asserts a breach of contract claim, arguing that "confidentiality of [] PII and timely destruction of same" was part of the benefit of the bargain between defendants and their customers, and that failure to meet those obligations constituted a material breach of contract. Plaintiff also splits the putative class into subclasses, based on whether their allegations stem from allegedly unlawful "retention" or "disclosure."

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. Id. at 94. However, a

1 plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than
2 labels and conclusions, and a formulaic recitation of the elements of a cause of action will
3 not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the
4 allegations in the complaint "must be enough to raise a right to relief above the speculative
5 level." Id.

6 A motion to dismiss should be granted if the complaint does not proffer enough facts
7 to state a claim for relief that is plausible on its face. See id. at 558-59. "[W]here the
8 well-pleaded facts do not permit the court to infer more than the mere possibility of
9 misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to
10 relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

## DISCUSSION

As an initial matter, the court notes that its previous order granting defendants' motion to dismiss clearly stated that "[t]o the extent plaintiff's claim under the [VPPA] is premised on a claim for unlawful retention of plaintiff's personally identifiable information ("PII"), <u>the VPPA precludes claims premised solely on a defendant's allegedly unauthorized 'retention' of information</u>." See Dkt. 59 at 1 (emphasis added) (dismissing retention claim with prejudice). However, despite this dismissal, plaintiff's retention-based claim has resurfaced in a variety of different packages. First, plaintiff re-alleges the exact same retention claim under the VPPA, but notes that he "reasserts such claim . . . for appeal purposes only." Dkt. 63 at 18, n.7. Second, as part of the same cause of action, plaintiff seeks to enforce the same provision of the VPPA through a different procedural vehicle. Specifically, plaintiff alleges that 18 U.S.C. § 2707 (also referred to as the Stored Communications Act, or "SCA") provides him with an independent means to seek damages for VPPA violations, separate and apart from the VPPA's own damages provision. Finally, plaintiff's third attempt to re-assert his retention claim is presented in the form of a breach of contract claim. Plaintiff argues that the terms of the VPPA were implicitly incorporated into a contract between the parties, and that defendants' alleged retention of plaintiff's PII constituted a breach of that contract. Importantly, both plaintiff's SCA claim and breach of

4

contract claim involve the same factual allegations as the already-dismissed VPPA claim, and both are premised on the same language from the VPPA[2].

Plaintiff's SCA claim is based on the following language: "[any] person aggrieved by any violation of this chapter . . . may, in a civil action, recover from the person or entity . . . which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2707(a). Plaintiff notes that the VPPA is contained within the same chapter as the SCA, and thus argues that the SCA provides an alternate means of enforcing the VPPA's ban on PII retention. Defendants concede that both provisions are contained within the same literal chapter, but point out that when the SCA was enacted, the VPPA did not yet exist. Thus, any reference to "this chapter" should only be read as a reference to the remainder of the SCA. Defendants also cite to the VPPA's own civil liability provision, which they argue should trump the SCA's provision.

This court is not the first to consider the SCA's applicability to the VPPA. In a case brought by the same plaintiffs' counsel that represent plaintiff Rodriguez, the Northern District of Illinois faced the question presented here, and held that "[c]onsideration of the language of section 2707 in the context of the statute leads the Court to conclude that Congress did not intend for plaintiffs to be able to bring a VPPA retention claim under the SCA." Sterk v. Redbox Automated Retail, LLC, 2012 WL 3006674, at *2 (N.D. Ill. July 23, 2012). The court noted that "[w]hen Congress originally enacted the SCA . . . it could not have intended for the SCA's authorization of civil suits to apply to the VPPA, because the VPPA did not yet exist" and further held that "[t]he fact that Congress included a provision in the VPPA authorizing civil suits suggests that it did not think that the SCA's cause of action provision applied to the VPPA." Id. The Sterk court then pointed to the Seventh Circuit's opinion regarding plaintiffs' VPPA claims, and concluded that "[i]f Congress, as the Seventh Circuit has determined, did not intend that plaintiffs have a cause of action for

---

[2] Specifically, the SCA and the breach of contract claims both seek to enforce the retention-related provision of the VPPA, found at 18 U.S.C. § 2710(e) (also referred to as the "Destruction of Old Records" provision).

5

retention under the VPPA, then it is unlikely that it intended for plaintiffs to have a remedy under the more general and older SCA." Id. at *3

The court finds the reasoning of Sterk to be persuasive, and adopts it here. Plaintiff cannot be permitted to have a second bite at the VPPA apple, and his attempts to repackage his VPPA claim as an SCA claim are rejected. Thus, the court hereby DISMISSES plaintiff's first cause of action for unlawful retention in full, and again, with prejudice.

Plaintiff makes one more attempt to pursue his VPPA claim for unlawful retention. Seeking a third bite of the VPPA apple, plaintiff asserts a breach of contract claim on behalf of himself and two "unlawful retention" subclasses, alleging that he "entered into binding contracts for movie/video game rentals and purchases," and that "the laws existing at the time and place of the making of a contract are incorporated into the contract." See SAC at ¶¶ 112-113. Specifically, plaintiff claims that defendants' "failure to perform their contractual obligations imposed by the VPPA . . . constitutes a material breach" of contract. Id. at ¶ 115. In essence, plaintiff makes the same allegations here that he does in his first cause of action, but claims that defendants' alleged violations of the VPPA also constitute breaches of contract. Critically, plaintiff does not point to any specific document as memorializing the supposed contract between the parties, and specifically refutes the suggestion that the PSN Terms of Service ("TOS") served as the contract between the parties. See Dkt. 67 at 24 ("Plaintiff's allegations of breach do not refer to, rely upon, or otherwise incorporate the PSN Privacy Policy and TOS documents"). Instead, plaintiff claims that "all the terms of the contract between Plaintiff and SCEA are alleged through the SAC and memorialized in the VPPA." Id. Thus, plaintiff does not allege that the VPPA was expressly incorporated into any contract between the parties, but instead appears to be arguing that the VPPA itself created a contract between plaintiff and defendants. The court views this cause of action as another end-run around plaintiff's already-dismissed VPPA claim. Having lost on the VPPA retention issue, plaintiff attempts to repackage the exact same claim related to the exact same conduct, first as an SCA claim, and now as a

6

breach of contract claim. The Supreme Court has rejected similar attempts, holding that when a plaintiff has no right to sue under a federal statute, it cannot bring a breach of contract suit for the same conduct, alleging that the contract's terms are the same as that of the statute. Astra v. Santa Clara County, 131 S.Ct. 1342, 1345 (2011). Because this court has already determined that "the VPPA precludes claims premised solely on a defendant's allegedly unauthorized 'retention' of information," it follows that Astra directly applies here. Plaintiff has no right to sue under the VPPA for alleged unlawful retention, and thus cannot bring the same substantive claim dressed in "breach of contract" clothing. Thus, plaintiff's third cause of action is DISMISSED with prejudice.

Finally, plaintiff asserts one cause of action related to the alleged unlawful disclosure of PII. The court again refers back to its previous dismissal order, which granted leave to amend only "as to plaintiff's claim for unlawful disclosure to DOE defendants." Dkt. 59 at 2. Leave to amend was not granted as to claims that SCEA disclosed PII to SNEI. Id. However, plaintiff's second cause of action still relies on allegations of intra-Sony disclosure, and does not allege that any disclosures were made to outside "Doe" defendants. Thus, plaintiff's second cause of action fails to comply with the court's prior dismissal order, and is hereby DISMISSED with prejudice for the reasons stated in the prior order and at both hearings.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 25, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge